# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES LEE TREVINO, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:05-CV-912-HEA |
| JASON KING, | ) |
| Defendant. | ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of James Lee Trevino (Registration No. 92033099) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on June 6, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $55.00 and an average monthly account balance of $11.72. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.00, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The complaint[1]

Plaintiff, incarcerated at St. Charles County Department of Corrections, seeks declaratory and injunctive relief in this § 1983 action against Defendant King, an officer with the St. Charles County Regional Drug Task Force. Plaintiff alleges that, on February 9, 2005, he entered a residence to return a friend's car. He states that, while he was in the residence, police officers entered, and searched for and found a methamphetamine lab. Plaintiff alleges that defendant King had two other officers take him outside behind the house. According to plaintiff, defendant King put on latex gloves and punched him twice in the face. Plaintiff states that defendant King pulled him towards the woods behind the house, took out his gun and told plaintiff that he was going to kill him if plaintiff did not say that he knew something about the items found in the residence.

### Discussion

Liberally construing plaintiff's complaint, as supplemented, the Court finds that the gravamen of plaintiff's complaint is that he was subjected to police brutality by defendant King acting under color of state law and in violation of rights protected by the Constitution of the United States. Such allegations "are typically analyzed in terms of fourth amendment and liberty interests." *New v. City of Minneapolis*, 792 F.2d 724, 726 (8th Cir. 1986). "If sufficiently egregious, a deliberate use of excessive force in this context can implicate the substantive fourth amendment guarantee against unreasonable seizures, the substantive due process right to be free from abusive governmental conduct 'offensive to human dignity,' or both." *Id.* (citations omitted). As such, plaintiff's claims

---

[1] On June 21, 2005, plaintiff supplemented his complaint with a copy of his complaint to Internal Affairs. The Court will consider plaintiff's complaint in conjunction with said supplement.

survive review under § 1915(e)(2)(B) and should not be dismissed at this time. Therefore, the Court will order that defendant King reply to plaintiff's complaint, as supplemented.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $11.00 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

Dated this 30th day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**